NO. 07-07-0296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2008
_____

JOHN ERIC TREVINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 33rd DISTRICT COURT OF SAN SABA COUNTY;

NO. 5523; HON. GUILFORD L. JONES III, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant appeals from his conviction for possession of a controlled substance with intent to deliver four or more grams but less than 200 grams in a drug free zone. On June 15, 2007, the clerk's record was filed. The reporter's record was filed on October 17, 2007. Therefore, appellant's brief was due on November 16, 2007. On November 28, 2007, a letter was sent to appellant's attorney notifying him the brief was overdue and that it should be filed on or before December 10, 2007. In response, counsel for appellant filed a motion

for extension of time to file his brief on November 29, 2007, which was granted to December 17, 2007. To date, no brief or extension motion has been filed in this Court.

Consequently, we abate the appeal and remand the cause to the 33rd District Court of San Saba County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal; and

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 18, 2008. Should

2

additional time be needed to perform these tasks, the trial court may request same on or before February 18, 2008.

It is so ordered.

Per Curiam

Do not publish.